NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HORACE L. WORLEY,**

*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2018-1344

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-1854, Judge Mary J. Schoelen.

---

Decided: March 13, 2019

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

ERIC PETER BRUSKIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR., JOSEPH H. HUNT; CHRISTOPHER O. ADELOYE, BRIAN D. GRIFFIN, Office of General Counsel,

United States Department of Veterans Affairs, Washington, DC.

—————————————

Before PROST, *Chief Judge,* MOORE and WALLACH, *Circuit Judges.*

MOORE, *Circuit Judge.*

Horace Worley served two periods of active duty in the United States Navy, the first from January 1984 to January 1988 and the second from September 2004 to January 2005. He seeks disability benefits for migraine headaches. It is undisputed that Mr. Worley suffers from migraine headaches and that those headaches increased in severity during his service. The Board of Veterans Appeals found that Mr. Worley's service entrance examination did not note a headache disorder. It determined, therefore, that Mr. Worley was entitled to a presumption that he was in sound condition at the time he entered service. Once a veteran establishes that he is entitled to a presumption of soundness, the Secretary can rebut that presumption with "clear and unmistakable evidence" that the injury or disease (1) "existed before acceptance and enrollment" and (2) "was not aggravated by . . . service." 38 U.S.C. § 1111. The Board found the Secretary rebutted the presumption with clear and unmistakable evidence of both elements.

The Court of Appeals for Veterans Claims vacated the Board's decision and remanded. In remanding, the Veterans Court noted the Secretary conceded that in assessing whether Mr. Worley's migraines were aggravated by his service, the Board had provided inadequate reasons or bases for exclusively relying on a 2014 opinion from Nurse Practitioner Angela Donnelly, in light of a contradictory 2010 opinion from Dr. Carolyn Hughes which the Board did not address. It remanded for the Board to address this inconsistency.

We see no error in the Veterans Court remanding for the Board to reevaluate the record and explain the reasons and bases for its determination that the Secretary rebutted the presumption of soundness. However, in the circumstances of this case, it is error for the Veterans Court to suggest that the Secretary may expand the record with additional medical testimony if the current record is inadequate to meet the Secretary's burden. While we affirm the Veterans Court's remand decision, we modify the remand to make clear that if the current record is inadequate for the Secretary to meet his burden, he may not seek to supplement the record.

**AFFIRMED AS MODIFIED**

COSTS

No costs.